Hale and Marvin, JJ., of Eighth Circuit, sitting in place of Hull and Haynes, JJ.

### Edward L. Green v. New York, C. & St. L. Ry.

1. DUTY. IMPOSED UPON RAILROADS TO FURNISH REASONABLY SAFE PLACE FOR EM-
PLOYES TO WORK.

A duty is imposed upon a railroad company to provide a reasonably safe
place for its employes while engaged in the performance of their duties,
or at least to exercise reasonable care to that end.

2. EMPLOYE BOUND TO KNOW DANGERS WHEN FACTS SIMPLE AND CONDITIONS NOT
COMPLEX, ETC.

When the facts are simple and the conditions not complex, and the circum-
stances such as to be easily comprehended, one who knows the facts, con-
ditions and circumstances, is bound and conclusively presumed to know
the dangers resulting therefrom.  Hence, a charge to the jury, that if
they find there was no rule of the railway company requiring the giving
of notice to section men of the approach of trains while they were at work
upon the track, and that decedent knew there was no such rule, and con-
tinued in the service of the company as section hand without complaint
or objection, he assumed the risk incident to such failure to provide such
rule, is not defective in that it neither expressly embodies the element
that decedent did not know the dangers incident to the lack of such rule,
nor in that it does not also expressly allege that decedent had knowledge
that the absence of such rule created danger.

3. RULE STATED AS TO BURDEN OF PROOF IN CASE OF CONTRIBUTORY NEGLIGENCE.

Where the evidence offered by an administrator plaintiff does not disclose
any want of ordinary care on the part of his decedent, the burden of proof
is on defendant to show by a preponderance of the evidence that decedent
contributed directly to his death.  But where the evidence in support of
the administrator's cause of action raises the presumption of decedent's
contributory negligence, the burden rests upon him to remove the pre-
sumption by a like preponderance of evidence.

4. EVIDENCE AS TO PLAINTIFF'S LOCATION BEFORE TIME OF ACCIDENT NOT COM-
PETENT, WHEN.

Where the nature of a section man's work is such as to require an almost
constant change of position, the fact that he was in a certain position
some ten or fifteen minutes before he was struck and injured by a train,
is not conclusive that he was in the same position at the time he was
struck; and where it is also clear that he could not have gotten himself
into any position where, in the exercise of ordinary care, it was not his
duty to have observed the approach of the train, the exclusion of evidence
as to his position is not prejudicial.

5. PRESUMPTION OF NEGLIGENCE ARISES FROM LACK OF ORDINARY CARE.

Where the evidence shows that if plaintiff, in the exercise of ordinary care
by looking, would have seen the approach of the train, or by listening,
would have heard it, a presumption of negligence arises on his part which
he must either rebut or fail in his case.

ERROR.

39  O. C. C.  Vol. 26

Jesse Vickery, for plaintiff in error.

C. P. & L. W. Wickham and John H. Clark, for defendant in error.

HALE, J.

Edward Green, the decedent, on June 8, 1901, was employed by the defendant railroad company, as a section hand and had been so employed for about a year and a half. On the day named, he was at work repairing the track at Bellevue, or leveling up the roadbed which had been disturbed by the renewal of the track. While so at work, a train passing upon the track between the rails of which he stood, ran him down and killed him. This action is prosecuted by his son who was appointed administrator, as authorized by statute, to obtain compensation from the railroad company for wrongfully causing the death of the decedent.

The negligence charged, in substance is, that the company failed to provide any rule or regulation for the government of its employes to insure their safety while in the performance of their duties; that the engineer in charge of the engine that run Green down, failed to give any warning of the approach of the engine either by bell or whistle; and that the company was further in fault by not providing some means by which he could have been warned of the approach of the train, either by his boss, or some other employe of the company. This last ground of negligence is not very distinctly stated in the petition but we give the plaintiff the benefit of such allegation.

The issues were made upon these allegations of the petition, by a general denial, except the admission of certain formal averments, and charging contributory negligence on the part of the decedent such as should defeat a recovery.

Trial was had, a verdict rendered, under the charge of the court, in favor of the defendant, and, after the overruling of the motion for a new trial, judgment was rendered upon the verdict.

Several errors are assigned which we will briefly notice. First, it is said that the verdict was not sustained by sufficient evidence and therefore the motion for a new trial should have been granted instead of overruled.

Considering the nature of the employment of this decedent, his work upon the tracks of the railroad company,—always dangerous,—where many trains were passing back and forth, and knowing, that no provision had been made by the company, either by rule or otherwise, to insure his safety, it was incumbent upon him to take all reasonable care himself to escape injury from passing trains. He had no ground whatever for relying upon being taken care of by the company other than what was done, except to expect the engineer upon the engine to give the accustomed signals. But without going into a discussion of the facts, we are satisfied

that the verdict was the only one proper to have been rendered in the case. However the facts of the case were such as to render it entirely proper that the issues should be submitted to the jury and a verdict had, before: the court should attempt to deal with the facts. If the case was not properly submitted to the jury under the correct rules of law, then the verdict should be set aside and the plaintiff given an opportunity to have the case passed upon by a jury under the proper rules of law; so we have to examine the errors of law that are claimed, to have occurred at the trial.

The proposition discussed at considerable length by the attorney for the plaintiff, would be adopted by this court without discussion, and that is, "It is the duty of a railway company to provide a reasonably safe place for its employes, in the performance of their duties, or at least to exercise reasonable care to that end."

Adopting that rule which is as broad as claimed by the plaintiff's attorney, we need not refer to the various cases to which reference has been made.

It is said that the court erred on the trial of the case, in giving to the jury certain requests that were made by the defendant. We refer to request numbered 4 which reads:

"If the jury find that there was no rule of the defendant requiring the section boss to give a notice to the men under his direction of the approach of the train while they were upon the track, and also find that the decedent knew that there was no such rule, and continued in the service of the defendant as section man without complaint or objection, he assumed the risk incident to such failure to provide such rule and the plaintiff cannot recover in this case on the ground of the failure to provide such rule."

The objection made to this request is that it does not embody in it the element that the plaintiff not only knew that there was no rule of the kind referred to, but also knew of the dangers incident to the lack of such rule. It is claimed that the request is faulty in that it alleges only the knowledge of the plaintiff of the fact that there was no rule, without alleging the knowledge of the plaintiff that the absence of such rule created a danger.

As we understand the rule to be in this state, where the facts are simple and the conditions not complex, and the circumstances such as to be easily comprehended, one who knows the conditions, and the facts and circumstances, is bound and conclusively presumed to know the dangers resulting from such fact.

In the eighth circuit a case arose in which a party was injured upon a covering to a sidewalk, or cross walk. The party injured knew the exact condition of that covering; it had become worn so that it was slippery—it had been raining and at the time of the accident this covering was quite slippery. The plaintiff sought to recover on the ground that, although he knew the exact conditions, he did not know of its danger, did not know it was dangerous, and the two lower courts, sustained him in that theory.

The Supreme Court reversed the judgment of the lower courts and held that if the plaintiff knew all about the condition of the walk, he was bound to take cognizance of its dangers, if there were any. The Supreme Court held that an employe, experienced in his business and the duties incident to his work, is chargeable with the dangers resulting from those defects of which he has knowledge. The case of Pennsylvania Co. v. McCurdy, 66 Ohio St. 118 [63 N. E. Rep. 585], supports that proposition.

The criticism then, of this request is not just. There was no error on the part of the court in giving this request to the jury. Just what view the jury took of the situation and what their findings were, under this request and the charge of the court cannot be definitely ascertained, under the general verdict which was rendered. There was no special finding as to the effect of this rule.

Again it is said that the court erred in giving to the jury request No. 7, made by the defendant on the trial of the case. The effect of that request has been a matter of much discussion since the case was submitted to the court, among the members of the court. That request reads:

"That if the jury find that on the morning in question the decedent was at work on the track of the defendant at a point about 275 feet south of the crossing of the tracks of the Lake Shore and Michigan Southern Railway Company and the defendant company; that the morning was a fine, bright, quiet day; that the train which struck decedent was coming up a grade and making a rumbling and puffing noise; that the decedent was standing up when he was struck by the train; and if the jury find that said decedent, in the exercise of ordinary care by looking, would have seen the approaching train, or by listening would have heard the noise of the approaching train, a presumption of negligence on his part would arise; and before the plaintiff can recover, the burden rests upon him to remove such presumption and show that he was exercising ordinary care, by a preponderance of the evidence; and such evidence must be exculpatory; it must show some reason; it must sustain some excuse; it must appear from the evidence that while this seems to be negligence,

and that it seems that Edward Green was negligent, yet under the peculiar circumstances, that result does not follow."

That request, as we think, was aimed at the burden of proof upon the issue of contributory negligence of plaintiff. In the charge of the court to the jury, the court said:

"In the transaction under investigation, the circumstances required the exercise of ordinary care on the part of Green to avoid injury. If the evidence offered by the plaintiff does not disclose any want of such care, on his part, the burden is on the defendant to show that he did contribute directly to his death, and the burden in such case, must be sustained and the facts shown by a preponderance of the evidence, as before defined.

"If, however, the plaintiff's evidence in support of his cause of action, raises the presumption of such contributory negligence on the part of Green, the burden rests upon the plaintiff to remove that presumption by a like preponderance of the evidence."

It is quite clear that if, on the trial of the issues in this case, the plaintiff had produced evidence establishing the fact recited in this request, it would have raised a presumption of negligence of decedent and the burden of removing that presumption would have rested on plaintiff and a failure to remove it, would have defeated his recovery.

The exact meaning of this request is, that if the jury found the facts enumerated in the request, and if, in the exercise of ordinary care by looking, decedent would have seen the approach of the train, or by listening, would have heard it, a presumption of negligence would arise on his part which it was his duty to rebut. This was right. There was no error in giving to the jury this request.

Request No. 8, which I will not stop to read, upon the subject of the care required of the plaintiff, we think was not misleading as claimed, but was properly given to the jury. We think the criticisms made of the general charge of the court are without merit and the charge as a whole, in connection with the requests, fairly embody the law applicable to the facts in the case.

Complaint is made of the rulings of the court in excluding evidence that was offered on the part of the plaintiff on the trial, and one class of questions which were excluded, tended to establish the fact of the exact position of the decedent some ten or fifteen minutes prior to the time he was killed.

Ordinarily, when it becomes important to show the exact situation at the time of the happening of a certain event, testimony upon either side as to existing conditions, would be competent; but the nature of this man's work upon that track was such as to require an almost constant

change of position, and the fact that he was in a certain position with his back in the direction toward which the train approached ten or fifteen minutes before. the happening of this accident, would not necessarily mean that he was in the same position at the time the train struck him. The trial judge might have permitted that testimony to go to the jury without error; but taking the nature of the work, the circumstances surrounding decedent at the time, it is clear that he could not have got himself into any position where, in the exercise of ordinary care, it was not his duty to have observed the approach of that train; and hence the exclusion of this question was not such error as requires the reversal of this judgment.

Again, it is said that the defendant was permitted to show that others heard the approach of the train and got off the track, and that this was for the purpose of raising the presumption that the decedent also heard the train and might have left the track.

The connection in which that is stated, is this: A witness, a co-employe, was on the witness stand and he was asked: "You heard .the train coming and got off the track, did you?" "Yes, sir." And that without objection. "Where was it when you first noticed it?" "It was going across the Lake Shore tracks." "That is where it was when you got off?" "Yes, sir." "The other section men were there,—how many of them?" "I don't know just how many there were, but in the neighborhood of eight or ten of them." "All the rest of you heard the train and got off?" "Yes, sir."

Counsel for plaintiff then objected and the court said, "The answer may stand. The objection is pretty late," and an exception was taken.

This was holding counsel to a strict rule. Counsel for plaintiff said, "I object to the question and answer and ask that the answer be stricken out." We think, if we had had the ruling of the trial court to make, we should have permitted that answer to go out. The question and answer, we think, were clearly incompetent. But the answer did not add anything to the conceded facts in the case. This witness had testified he heard the train coming and got off the track. There were eight or ten others there and incidentally they say all the others got off the track. It was conceded that no one else was hurt. We do not think it a sufficient reason for reversing the judgment because this testimony was admitted although the motion to strike out might well have been granted.

The conclusion that we reach is, that there was no prejudicial error in any of the rulings upon the admission or exclusion of the testimony for which this case should be reversed. There is nothing that leads us to the

Green v. Railway.

conclusion that the plaintiff did not have a fair trial. The only trouble with this case was, that it was weak.

It is said that this case should be governed by the case of Railway v. Murphy, 50 Ohio St. 135 [33 N. E. Rep. 403]. It is a little dangerous to say that one case should govern another case on its facts. Two cases might be cited in which the one should rule the other, but all this case of Railway Company v. Murphy holds is, that it was proper in that case to have submitted to the jury the question of contributory negligence of the plaintiff, Murphy. In the third clause of the syllabus, the court say:

"The evidence as to contributory negligence on the part of deceased made a case which, at least, was doubtful, and about which different minds differ as to the proper inference to be drawn. Such a question cannot properly be determined by the court as matter of law, and should be submitted to the jury. The request was properly refused."

That request was this, page 137: " ' Upon the undisputed facts in this case it appears that the defendant railway company was not guilty of actionable negligence, and that the deceased was guilty of contributory negligence which brought about his death, and the verdict of the jury should be for the defendant.' "

This was properly refused, the court holding that the question of fact should have been submitted to the jury. It was submitted to the jury; the jury found in favor of the plaintiff and the court sustained the verdict.

In this case, the court did not undertake to say as matter of law, that the plaintiff, under the facts in the case, was guilty of contributory negligence, but left the facts to be found by the jury, stating what would amount to contributory negligence, if the jury found such facts. The jury found in favor of the defendant in this case and with that finding, the court is entirely satisfied. This discussion might be extended still further, but on the whole, we have reached the conclusion that there is no error apparent upon the record for which this judgment should be reversed, and the judgment of the court of common pleas is affirmed.

**Parker** and **Marvin, JJ.,** concur.